FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 13 2014

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| Rachael Foster, | :  |
|         Plaintiff, | : Civil Action No.: 5:14-CV-0412 KGB-JTR |
| v. | : |
| One on One Marketing, LLC d/b/a Career Institute; and DOES 1-10, inclusive, | : COMPLAINT AND DEMAND FOR JURY TRIAL |
|         Defendants. | : This case assigned to District Judge Baker and to Magistrate Judge Ray |

## COMPLAINT

For this Complaint, the Plaintiff, Rachael Foster, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Rachael Foster ("Plaintiff"), is an adult individual residing in Monticello, Arkansas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant One on One Marketing, LLC d/b/a Career Institute ("OOM"), is an Utah business entity with an address of 3098 Executive Parkway, Suite 300, Lehi, Utah 84043, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Beginning in August, 2014, OOM contacted Plaintiff on Plaintiff's cellular telephone, number 870-xxx-4588, in an attempt to solicit services to Plaintiff.

6. During all times mentioned herein, OOM called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS").

7. When Plaintiff answered the calls, she would hear music and had to wait on the line to be connected to the next available representative.

8. Plaintiff never gave her cellular phone number to OOM, and never provided express written permission to be called on her cellular phone using an automated dialer.

9. Furthermore, during a conversation with OOM in August, 2014, plaintiff stated that she was not interested in OOM's services and requested that the calls to her cellular phone cease.

10. Despite Plaintiff's request, OOM continued to call. OOM harassed Plaintiff with over forty calls to her cellular phone without Plaintiff's consent.

11. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

3

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendants' telephone systems have some earmarks of a Predictive Dialer.

16. Often times when Plaintiff answered the phone, she would hear music and had to wait on the line to be connected to the next available representative.

17. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Plaintiff never provided her cellular telephone number to Defendants and never provided her consent to be contacted on her cellular telephone, and in fact instructed Defendants to stop all calls to her.

19. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Punitive damages; and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 6, 2014

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff